BARRY, Judge,
dissenting.
Relator’s application for a second rede-termination was treated as an appeal and dismissed as untimely, apparently without considering R.S. 23:1626(A). Because the application for a second determination alleges computational error which may fall under § 1626, this Court should consider arguments regarding application of § 1626 or decline supervisory jurisdiction.
La.R.S. 23:1626(A) provides in part:
The administrator may reconsider a monetary determination whenever he finds that an error in computation ... has occurred in connection therewith, or that wages of the claimant pertinent to such determination but not considered in connection therewith, have been newly discovered, or that benefits have been allowed or denied or the amount of benefits fixed on the basis of misrepresentation of fact, but no redetermination shall be made after one year from the date of the original determination. Notice of a redetermination shall be promptly given to the parties entitled to notice of the original determination in the manner prescribed in R.S. 23:1624 and/or R.S. 23:1625. If the amount of benefits is increased upon a redetermination an appeal therefrom solely with respect to the matters involved in such increase may be filed in the manner and subject to the limitations provided in R.S. 23:1628 through R.S. 23:1634. If the amount of benefits is decreased upon a redetermination, the matters involved in such decrease shall be subject to review in connection with an appeal by the claimant from any determination upon a subsequent claim for benefits which may be affected in amount or duration by such redetermination. Subject to the same limitation and for the same reasons, the administrator may reconsider the determination in any case in which the final decision has been rendered by an appeal tribunal, the board of review or a court, and may apply to the body or court which rendered the final decision *100 to issue a revised decision, (emphasis added)
La.R.S. 23:1632 provides:
Except insofar as reconsideration of any determination is had under the provisions of R.S. 23:1626, any right, fact, or matter in issue, directly passed upon or necessarily involved in a determination or redetermination which has become final, or in a decision on appeal under the subsection which has become final, shall be conclusive for all the purposes of this Chapter as between the administrator, the claimant, and all employing units who had notice of such determination, redetermination or decision. Subject to appeal proceedings and judicial review, any determination, rede-termination or decision as to rights to benefits shall be conclusive for all the purposes of this Chapter and shall not be subject to collateral attack by any employing unit, irrespective of notice, (emphasis added)
Section 1632 specifically exempts § 1626 conditions regarding the finality of determinations and relator argues her application for second redetermination is authorized by § 1626. The majority does not address that argument.
I respectfully dissent.